Entered on Docket
September 29, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
SEP 2 8 2005
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 05-43200-EJ
                                         Chapter 13
ISAAC KASHAMA KALONJI,

_____Debtor./

MEMORANDUM RE VARIOUS PENDING MOTIONS

Isaac Kashama Kalonji, the above debtor ("Kalonji"), has moved this court for an order imposing sanctions against 2122 Lakeshore Apartments, LP ("Lakeshore") pursuant to 28 U.S.C. § 1927 and the court's inherent powers. Lakeshore has moved the court for: (1) an order imposing sanctions against Kalonji for filing that motion, (2) an order barring Kalonji from seeking further sanctions against Lakeshore absent leave of this court, and (3) an order lifting the automatic stay to permit Lakeshore to take certain actions in the California state courts. Kalonji does not oppose the motion for relief from the automatic stay, and the court will enter its order thereon. The court will: (a) deny Kalonji's motion for sanctions, (b) conditionally deny Lakeshore's motion for sanctions, and (c) decline to hear further any further motions for sanctions

Memorandum

against Lakeshore absent prior leave of this court as more particularly set forth in the order herewith.

A. <u>Kalonji's Motion for Sanctions</u>

This is Kalonji's second motion for sanctions against Lakeshore based on what is essentially the same alleged misconduct. Kalonji based his first motion on Bankruptcy Code § 362(h). The court denied that motion because, inter alia, Lakeshore had not engaged in any conduct that violated the automatic stay, and because Kalonji had not established any damages.

Kalonji's new motion is not well grounded. First, it is barred by res judicata. <u>See</u>, <u>e.g.</u>, <u>Scoggin v. Schrunk</u>, 522 F.2d 436, 437 (9th Cir. 1975), cert. denied, 423 U.S. 1066 (1976) (holding that res judicata bars assertion of every legal theory for recovery that might have been raised in the earlier proceeding); <u>Constantini v. Trans World Airlines</u>, 681 F.2d 1199 (9th Cir. 1982. Second, it is doubtful whether this court may impose sanctions pursuant to 28 U.S.C. § 1927. <u>See</u> <u>In re Sandoval</u>, 186 B.R. 490, 495-96 (9th Cir. 1995) (bankruptcy court not court of U.S. for purposes of 28 U.S.C. § 1927); <u>see also</u> <u>In re Perroton</u>, 958 F.2d 889, 896 (9th Cir. 1992).

Third, if and to the extent Kalonji seeks relief under Bankruptcy Code § 105(a) and the court's inherent powers, rather than 28 U.S.C. § 1927, relief is discretionary, <u>In re Pace</u>, 67 F.3d 187, 193 (9th Cir. 1995), and the court declines to order any relief. Finally, to the extent Kalonji seeks sanctions based on Lakeshore's conduct in another court, any relief must be granted by that other court.

Memorandum 2

The court will therefore deny Kalonji's motion.

B. <u>Lakeshore's Motion for Sanctions</u>

The court has no evidence before it that Lakeshore complied with the "safe harbor" provision of Fed. R. Bankr. P. 9011(c)(1)(A). Absent compliance, the court may not impose sanctions thereunder. <u>Barber v. Miller</u>, 146 F.3d 707, 711 (9th Cir. 1999). The court will therefore conditionally deny Lakeshore's motion. If Lakeshore wishes the court to reconsider on the ground that it, in fact, complied with Fed. R. Bankr. P. 9011(c)(1)(A), Lakeshore may file a request for reconsideration within 15 days.

C. <u>Lakeshore's Motion for Order Barring Additional Motions</u>

Kalonji's frivolous litigation activity, as described in Lakeshore's moving papers and as evidenced by this court's files, justifies relief to protect Lakeshore. Therefore, this court will decline to hear any further motions by Kalonji seeking sanctions against Lakeshore, absent prior leave of this court, as more particularly provided in the order filed herewith.

Dated: September 28, 2005

_____
Edward D. Jellen
United States Bankruptcy Judge

Memorandum    3

PROOF OF SERVICE

I, the undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Northern District of California at Oakland, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document entitled Memorandum re Various Pending Motions by depositing it in the regular United States mail at Oakland, California, on the date shown below, in a sealed envelope bearing sufficient postage, addressed as listed below.

Spencer P. Scheer, Esq.
Scheer & Imfeld, LLP
100 Smith Ranch Road, Suite 306
San Rafael, CA 94903

Isaac Kashama Kalonji
1918 Lakeshore Avenue #80
Oakland, CA 94606

Martha G. Bronitsky, Esq.
Chapter 13 Trustee
P.O. Box 5004
Hayward, CA 94540-5004

I declare under penalty of perjury that the foregoing is true and correct.

Dated: SEP 2 8 2005

Raenna J. Abreu